**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT D. ARNOLD,** | : | **CIVIL NO. 1:14-CV-1987** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **SHANE SPAULDING,** | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Robert D. Arnold ("Arnold"), a federal inmate confined at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 14, 2014.  (Doc. 1.)  The petition has been preliminarily screened and, for the reasons set forth below, will be dismissed without prejudice for failure to exhaust available administrative remedies.[1]

**I.    Background**

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law.  (Id. at 21).  The Second Chance Act increases the duration of pre-release placement in a Residential Re-Entry Center ("RRC") from

---

[1] Rule 4, of the Rules Governing § 2254 CASES, applicable to § 2241 cases at the discretion of the judge, see id. at R. 1(b), requires prompt examination of the petition and, if the petitioner is not entitled to relief in the district court, dismissal of the petition.

six to twelve months and requires the Federal Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).

Arnold is currently serving a sentence of 151 months for bank robbery, 18 U.S.C. § 2113(a), imposed by the United States District Court for the District of Massachusetts.  His projected release date is May 28, 2016, *via* good conduct time release.  (Doc. 1, at 1).  He seeks an order compelling respondent "in good faith to consider Petitioner on an individualize [sic] basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624(c)(6)(C) granting him the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community.'  § 3624(c)(6)(C)."  (Doc. 1, p. 18).

## II.   Discussion

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust the administrative review process prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)); e.g. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  The administrative review procedure to be utilized by federal inmates is established by the BOP and set forth at 28 C.F.R. §§ 542.10-542.19.  Pursuant to this protocol, an inmate must first present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a

2

request for administrative relief.  See 28 C.F.R. § 542.13(a).  If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined.  See id.  An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process.  See 28 C.F.R. § 542.14(a).  If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP.  See 28 C.F.R. § 542.15.  A BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office.  Id.

Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62 (citations omitted).  Nevertheless, exhaustion of administrative procedures is not required it is deemed to be futile.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (finding exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (concluding that exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, *2 (E.D.Pa. July 10, 2000) (holding

exhaustion not required where delay would subject petitioner to "irreparable injury").

Arnold has not pursued administrative review. Instead, he argues that he should be excused from the exhaustion requirement or "from even attempting to 'tilt at the administrative windmills'" because it would be futile as the BOP has taken the position that inmates will not be placed in an RRC for longer than six months despite the fact that the Second Chance Act increases the duration of pre-release placement from six to twelve months. (Doc. 1, at 11, citing Howard v. Ashcroft, 248 F. Supp 2d 518, 533 (M.D. La. 2003); at 15). He also contends that if he is required to pursue administrative review, he "would likely be near his last twelve months." (Id. at 15). This argument is rejected. Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals before the date he is eligible for RRC. See, 18 U.S.C. § 3624(c)(1)-(6); See, e.g., Romero v. Meeks, No. 14-11, 2014 WL 4796579, *5 (W.D.Pa. Sept. 26, 2014) (quoting Amirnazmi v. Scism, No. 3:11–CV–273, 2011 WL 5854579, *6–7 (M.D.Pa. Nov.21, 2011) ("Petitioner's argument that exhaustion would be futile or cause irreparable injury also fails. Courts in this District have repeatedly held that exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before" the date he believes he should be released to a halfway house) (citations and internal quotations omitted)); Ross v. Martinez, No. 09–1170, 2009 WL 4573686, *3 (M.D.Pa. Dec. 1, 2009) (same). Because Arnold fails to

demonstrate futility, the petition for a writ of habeas corpus will be dismissed for failure to exhaust administrative remedies.

## III.   Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice to petitioner's right to file a new petition upon conclusion of administrative review.

An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      December 16, 2014